UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN WANG,

    Plaintiff,

v.

    Civil Case No. 18-10347
    Honorable Linda V. Parker

GENERAL MOTORS, LLC and
GM (CHINA) INVESTMENT CO., LTD.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT GENERAL MOTOR LLC'S MOTION FOR CERTIFICATION TO FILE AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

On January 30, 2018, Plaintiff filed this lawsuit against Defendants asserting the following claims: (I) age discrimination in violation of the federal Age Discrimination and Employment Act ("ADEA"); (II) age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); (III) race and ethnic discrimination in violation of 42 U.S.C. § 1981; (IV) race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (V) race and national origin discrimination under the ELCRA. Defendants are General Motors, LLC ("GM") and GM (China) Investment Co., Ltd. ("GMCIC"). On March 30, 2018, GM filed a motion to dismiss arguing, in part, that Title VII and the ADEA are in conflict with the law of the People's

Republic of China ("PRC") in that PRC law provides that male employees shall be retired at sixty years of age. GM therefore argued that Plaintiff's claims under Title VII and the ADEA were subject to dismissal under those statutes' "foreign law" provisions, 29 U.S.C. § 623(f)(1); 42 U.S.C. § 2000e-1(b).

After full briefing on GM's motion to dismiss, the Court requested supplemental briefing with respect to PRC law. On March 5, 2019, after additional materials were filed and reviewed, this Court issued a decision granting in part and denying in part GM's motion to dismiss. (ECF No. 34.) With respect to GM's foreign law argument, the Court could not conclude based on the parties' submissions that GM and/or GMCIC would have violated PRC law if Plaintiff's employment had been continued in China after he turned sixty. (*Id*. at Pg ID 887-88.)

GM now seeks to immediately appeal this ruling to the Sixth Circuit Court of Appeals. (ECF No. 38.) GM also asks the Court to stay the proceedings during the pendency of any interlocutory appeal. Plaintiff opposes GM's motion. (ECF No. 45.)

I.  **Applicable Standard**

A district court has the discretion to grant permission to a party to appeal a non-final order if: (1) the challenged directive "involves a controlling question of law"; (2) a "substantial ground for difference of opinion" exists regarding the

correctness of the decision; and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (citation omitted). When exercising this discretion, this Court must heed the Sixth Circuit Court of Appeals' warning that interlocutory review should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

A decision "involves a controlling question of law" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992). Sixth Circuit law establishes that "'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164, at *3 (E.D. Mich. Mar. 10, 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51). District courts in this Circuit have held that this occurs where: (1) an issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit concerning the issue; or, (3) the circuits are split on the issue. *Id.* (citing *Gaylord Entm't. Co. v. Gilmore Entm't. Grp.*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001)). The moving party satisfies the third requirement where the resolution of a

3

controlling legal question would avoid trial, as well as when it would "otherwise substantially shorten the litigation." *The Clark Constr. Group, Inc. v. Allglass Sys., Inc.*, No. Civ. A. DKC 2002-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930, at 432 (2nd ed.1996)). In other words, "[a]n interlocutory appeal materially advances litigation when it 'saves judicial resources and litigant expense.'" *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012) (quoting *West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000)).

## II. Analysis

GM's proposed interlocutory appeal involves a controlling issue of law, albeit an issue of PRC law. If the Sixth Circuit concludes that PRC law conflicts with Title VII and the ADEA, the decision would resolve those claims except to the extent Plaintiff alleges discrimination based on GM's failure to transfer him to a position in the United States. Such a ruling would significantly narrow the scope of this litigation. Thus, this Court finds the first factor met for certifying the matter for interlocutory appeal

The Court finds the issue regarding PRC law to be difficult and novel and one for which there is little precedent. There is limited case law addressing Title

4

VII's or the ADEA's foreign law provisions, generally. The parties did not identify any decisions within the United States interpreting PRC's purported mandatory retirement provisions. While this Court concluded that GM's foreign law argument set forth an affirmative defense for which Defendants had the burden of proof, there is little precedent addressing this issue as well. For these reasons, the Court also finds the second factor met for allowing an interlocutory appeal.

Finally, the immediate appeal of the foreign law issue would expedite the resolution of this case. If the Sixth Circuit disagrees with this Court's ruling on the issue, Plaintiff's Title VII and ADEA claims arising from his termination from GMIC would be subject to dismissal. The scope of this litigation would be substantially narrowed for purposes of discovery and, if necessary, trial. If GM prevails on appeal, discovery in China and the depositions of PRC residents likely will be unnecessary, saving significant costs to the parties. Thus, the third factor is satisfied.

For the reasons above, the Court concludes that the foreign law issue raised in GM's motion to dismiss deserves interlocutory review pursuant to 28 U.S.C. § 1292(b).

Accordingly,

**IT IS ORDERED** that GM's Motion for Certification to File an Interlocutory Appeal under 28 U.S.C. § 1292(b) is **GRANTED** and the proceedings are **STAYED** pending the appeal.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 2, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 2, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager