UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN WANG,

    Plaintiff,

v.

    Civil Case No. 18-10347
    Honorable Linda V. Parker

GENERAL MOTORS, LLC and
GM (CHINA) INVESTMENT CO., LTD.,

    Defendants.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT GM (CHINA) INVESTMENT CO, LTD'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND TO STAY LITIGATION OR, ALTERNATIVELY, FOR LIMITED DISCOVERY AND AN EVIDENTIARY HEARING TO DECIDE PERSONAL JURISDICTION</u>**

On January 30, 2018, Plaintiff filed this lawsuit against Defendants asserting discrimination under federal and Michigan law. When, in June 2019, Plaintiff was at last able to effectuate service on Defendant GM (China) Investment Co., Ltd. ("GMCIC") through the Hague Convention process (ECF No. 52), GMCIC responded to Plaintiff's Amended Complaint with a motion to dismiss for lack of personal jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), respectively (ECF No. 62). This Court denied GMCIC's motion in an Opinion and Order issued August 4, 2020. (ECF No. 62.) The matter is presently before the Court on GMCIC's motion, seeking certification of the Court's ruling on personal jurisdiction for interlocutory appeal pursuant to

28 U.S.C. § 1292(b).  (ECF No. 70.)  GMCIC asks the Court to stay the matter pending appeal.  Alternatively, GMCIC requests limited discovery and an evidentiary hearing on the issue of personal jurisdiction, only.

## Applicable Standard & Analysis

Federal courts of appeals have jurisdiction over "final decisions" made by district courts.  28 U.S.C. § 1291.  Interlocutory appeals of district court decisions "are the exception, not the rule."  *Johnson v. Jones*, 515 U.S. 304, 309 (1995).  The Supreme Court has "repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (internal citations omitted).  The Supreme Court also has "warned that the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a particular injustice averted by a prompt appellate court decision."  *Id*. (internal citation, quotation marks, and brackets omitted).

Therefore, although certain collateral orders are immediately appealable, *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), denials of motions to dismiss, including those for lack of personal jurisdiction, are generally

2

not, *see Digital Equip.*, 511 U.S. at 873; *Van Cauwenberghe v. Biard*, 486 U.S. 517, 524, 527 (1988). Allowing immediate appeals of every order denying an asserted right to avoid the burdens of trial "would leave the final order requirement of § 1291 in tatters." *Will v. Hallock*, 546 U.S. 345, 351 (2006).

District courts nevertheless have the discretion to permit appeals of non-final orders if: (1) the challenged directive "involves a controlling question of law"; (2) a "substantial ground for difference of opinion" exists regarding the correctness of the decision; and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (citation omitted). When exercising this discretion, a district court must heed the warnings from the Supreme Court and Sixth Circuit Court of Appeals that interlocutory review should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)) (providing that "[r]outine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for " 'exceptional' " cases while generally retaining for the federal courts a firm final judgment rule.).

As "'[a]ttractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence.'" *United States ex rel. Elliott v. Brickman Grp. Ltd.*, 845 F. Supp. 2d 858, 863 (S.D. Ohio 2012) (quoting *Alexander v. Provident Life & Accident Ins. Co.*, 663 F. Supp. 2d 627, 639 (E.D. Tenn. 2009)) (additional quotation marks and citations omitted). Again, "'Congress intended that section 1292(b) should be sparingly applied. It … is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.'" *Id.* at 863-64 (quoting *Kraus v. Bd. of Cnty. Road Comm'rs of the Cnty. of Kent*, 364 F.2d 919, 922 (6th Cir. 1966)) (additional quotation marks and citation omitted).

**Whether the Court's Decision Involves a Controlling Question of Law**

A decision "involves a controlling question of law" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992). "'[Section] 1292(b) is not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts.'" *U.S. ex rel. Elliott*, 845 F. Supp. 2d at 864 (quoting *Howe v. City of Akron*, 789 F. Supp. 2d 786, 710 (N.D. Ohio 2010)) (additional citations omitted); *see also In re Gray*, 447 B.R. 524, 534 (E.D. Mich. 2011) (refusing to grant § 1292(b) appeal because questions posed required factual determinations). GMCIC identifies two

4

questions of law for interlocutory appeal: (1) Whether state law rather than federal law applies to the alter ego determination; and (2) whether the alter-ego theory applies to companies not in a parent-subsidiary relationship.[1] The Court assumes, for purposes of GMCIC's motion, that these are controlling questions of law.

**Whether there is a Substantial Ground for Difference of Opinion**

Sixth Circuit law establishes that "'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164, at *3 (E.D. Mich. Mar. 10, 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51). District courts in this Circuit have held that this occurs where: (1) an issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit concerning the issue; or, (3) the circuits are split on the issue. *Id.* (citing *Gaylord Entm't. Co. v. Gilmore Entm't. Grp.*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001)).

GMCIC first maintains that there is a substantial ground for difference of opinion as to whether federal or state law governs the "alter ego" analysis when a

---

[1] Even if personal jurisdiction, as a general matter, presents a controlling question of law—a conclusion which is debatable given the fact intensive inquiry necessary to make the determination—there is no substantial ground for difference of opinion concerning personal jurisdiction broadly. In other words, it is well-settled what law applies in assessing whether a court has personal jurisdiction over a defendant.

5

federal court sits in federal question jurisdiction. GMCIC cites decisions from outside the Sixth Circuit applying state law; whereas, the Sixth Circuit applied federal common law in *Anwar* but, GMCIC maintains, without any analysis of why it was doing so.² The Court believes that the Sixth Circuit did explain why it was applying the alter-ego test under federal law in *Anwar*: because "a federal interest is implicated by the decision of whether to pierce the corporate veil." *Anwar*, 876 F.3d at 849 (citing *Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 732 (6th Cir. 2003)). In any event, for the reasons discussed below, resolution of this first issue does not change the outcome.

As to the second issue, GMCIC maintains that a conflict exists because "Michigan law affirmatively requires a parent-subsidiary relationship in order to impose a claim of tort liability based on that relationship." (ECF No. 70 at Pg ID 1478 (quoting *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 850-51 (6th Cir. 2017).) However, in the decision on which *Anwar* relied, *Seasword v. Hilti, Inc.*, 537 N.W.2d 221 (Mich. 1995), the Michigan Supreme Court was simply considering tort liability *based on an alleged parent-subsidiary relationship*. *Id.* at 224. "Normally, courts apply the alter-ego theory of personal jurisdiction to parent-

---

² Despite the purported lack of analysis, *Anwar* reflects a resolution of this "issue." In that instance, this second requirement for interlocutory appeal cannot be satisfied. *See In re Miedzianowki*, 735 F.3d 383, 384 (6th Cir. 2014) ("Where our circuit has answered the question, the district court is bound by our published authority. And so are we.").

subsidiary relationships." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008). Nevertheless, the Michigan Supreme Court's holding does not preclude the finding of *an alter-ego relationship* between entities connected differently (e.g., sister corporations).[3]

The alter-ego theory of personal jurisdiction is employed "where an otherwise separate corporate existence has been used to 'subvert justice or cause a result that is contrary to some other clearly overriding public policy.'" *Seasword*, 537 N.W.2d at 548 (brackets omitted) (quoting *Wells v. Firestone*, 364 N.W.2d 670, 674 (Mich. 1984)). Contrary to GMCIC's assertion, numerous courts, including courts applying Michigan law, have considered the alter ego theory beyond the parent-subsidiary relationship, albeit at times under a different name. *See, e.g., Anwar*, 876 F.3d at 849-50; *Scarff Bros., Inc. v. Bischer Farms, Inc.*, 386

---

[3] In fact, the Michigan courts apply a distinct test, which does not require the existence of a parent-subsidiary relationship, for deciding whether one entity may be liable for the actions of a separate entity. *See, e.g., Helena Agri-Enter., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 271 (6th Cir. 2021) (citing *Foodland Distribs. v. Al-Naimi*, 559 N.W.2d 379, 381 (Mich. Ct. App. 1996)). Further, Michigan court decisions reflect that the alter-ego theory is not limited to the parent-subsidiary relationship. *See, e.g., Botsford Gen. Hosp. v. United Am. Healthcare Corp.*, No. 241108, 2003 WL 22850448, at *2 (Mich. Ct. App. Dec. 2, 2003) (evaluating the plaintiff's claim against entity based on parent/subsidiary theory and, alternatively, an alter ego theory); *Prod. Support Warehouse, II v. Bosco*, Nos. 177589, 184744, 1997 WL 33354479, at *4 (Mich. Ct. App. Jan. 17, 1997) (considering the relevant facts to determine whether to pierce the corporate veil and hold a separate entity—which the plaintiff claimed was an extension or continuation of the defendant—liable for the defendant's debt).

F. App'x 518, 524-25 (6th Cir. 2010) (reviewing district court decision holding related entities, not in a parent-subsidiary relationship, liable under alter-ego theory as set forth under Michigan law); *Nichols v. Pabtex, Inc.*, 151 F. Supp. 2d 772, 780 (E.D. Tex. 2001) ("What makes this case somewhat unique is that [the plaintiff] seeks to hold a company liable for the acts of a sister company, not a parent for the acts of its subsidiary. Few cases address this situation, but those that have indicate that the distinction between parent-subsidiary and sister-sister is not relevant."); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338-39 (5th Cir. 1999) (evaluating sister companies under alter ego doctrine but concluding that the plaintiff had not proven sufficient control to establish an alter-ego or agency relationship); *Conde v. Sensa*, 259 F. Supp. 3d 1064, 1072 (S.D. Cal. 2017) (citing *Las Palmas Assoc. v. Las Palmas Ctr. Assoc.*, 235 Cal. App. 3d 1220, 1 Cal. Rptr. 2d 301, 318 (Cal. Ct. App. 1992) ("[U]nder the single-enterprise rule, liability can be found between sister companies.")); *Powers v. Emcon Assoc., Inc.*, No. 14-cv-03006, 2017 WL 4075766, at *3 (D. Colo. Sept. 14, 2017) (explaining that the determination of "whether a corporation is an alter ego is not limited to the status of parent-subsidiary or sister corporations" but is, instead, dependent on a variety of factors); *Ziegler v. Dale*, No. 2018 WL 8131670, at *5 (D. Wy. Dec. 7, 2018) (citing *PanAm. Mineral Servs., Inc. v. KLS Enviro Res., Inc.*, 916 P.2d 986, 990-91 (Wyo. 1996) (holding that where a court had personal jurisdiction over an alleged

8

alter ego, the court also had personal jurisdiction over the alter ego's parent and sister companies); *see also* Cecily Fuhr, 95 Cause of Action 2d 265 (Thomas Reuters 2020).

For these reasons, this Court concludes that, under Michigan law, an alter ego relationship can be established between entities that are not in a parent-subsidiary relationship. Accordingly, the Court does not find a conflict with respect to either issue identified for interlocutory appeal by GMCIC.

### Whether Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

The moving party satisfies the third interlocutory appeal requirement where the resolution of a controlling legal question would avoid trial and "otherwise substantially shorten the litigation." *The Clark Constr. Group, Inc. v. Allglass Sys., Inc.*, No. Civ. A. DKC 2002-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930, at 432 (2nd ed.1996)). In other words, "[a]n interlocutory appeal materially advances litigation when it 'saves judicial resources and litigant expense.'" *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012) (quoting *W. Tenn. Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000)). "'When litigation will be conducted in substantially the same manner regardless of the court's decision, the appeal cannot be said to materially advance

9

the ultimate termination of the litigation.'" *In re City of Memphis*, 293 F.3d at 351 (quoting *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)).

A reversal of this Court's decision on whether it has personal jurisdiction over GMCIC would terminate this action and bar further proceedings *but only as to this defendant.* Not only will the litigation proceed as to General Motors LLC but discovery relevant to—and perhaps from—GMCIC will continue, as well.[4] An immediate appeal will only further delay the ultimate resolution of this matter, which at three years already has been pending longer than the typical civil case. Similarly, staying the matter except to permit limited discovery focused exclusively on facts relevant to the issue of personal jurisdiction over GMCIC unnecessarily delays the case without materially advancing its termination.

At this point, the Court has ruled only that Plaintiff established a prima facie case of personal jurisdiction. As the Court advised in its decision denying GMCIC's motion, this is not necessarily the final word on the matter. (*See* ECF No. 62 at Pg ID 1410.) GMCIC can raise the jurisdictional issue later in this action. *See Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.

---

[4] Courts have allowed discovery from non-litigating sister corporations under varying circumstances. *See, e.g., Meridian Labs, Inc. v. OncoGenerix USA, Inc.*, 333 F.R.D. 131 (N.D. Ill. 2019); *Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 394-95 (D.N.J. 2011); *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129-30 (D. Del. 1986) (citing cases); *Davis v. Gamesha Tech. Corp.*, No. 08-4536, 2009 WL 3473391, at *3-4 (E.D. Pa. Oct. 2009) (citing cases).

1989) (explaining that, even if the court issues a pretrial order denying the defendant's Rule 12(b)(2) motion, the defendant may proceed to trial without waiving the defense; a threshold determination that personal jurisdiction exists does not relieve the plaintiff at trial from proving facts upon which jurisdiction is based by a preponderance of the evidence).

**Conclusion**

For the reasons above, the Court concludes that this is not an "exceptional" instance deserving interlocutory review pursuant to 28 U.S.C. § 1292(b).

Accordingly,

**IT IS ORDERED** that GMCIC's Motion for Certificate of Appealability (ECF No. 70) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 26, 2021